**WILENTZ, GOLDMAN & SPITZER, P.A.**
Angelo J. Cifaldi, Esq. (N.J. Bar No. 041091984)
acifaldi@wilentz.com
Vincent Cheng, Esq.  (N.J. Bar No. 001372007)
vcheng@wilentz.com
90 Woodbridge Center Drive, Suite 900
Woodbridge, New Jersey  07095
(732) 636-8000 (phone)
(732) 726-4708 (fax)
Attorneys for Plaintiffs

**UNITED STATES DISTRICT COURT**
**THE DISTRICT OF NEW JERSEY**
**NEWARK VICINAGE**

-------------------------------------------------------X
                    :

| | |
|---|---|
| **IRA BRIEF** and **CATHIE BRIEF**, husband and wife; | Civil Action |
| Plaintiffs, | Docket No.:  2:22-cv-05085-WJM-LDW |
| v. | **SECOND AMENDED COMPLAINT** |
| **IDELLE LABS, LTD.,  JOHN DOE 1** through **JOHN DOE 75** (fictitious); | **AND DEMAND FOR TRIAL BY JURY** |
| Defendants. | |

-------------------------------------------------------X

Plaintiffs Ira Brief and Cathie Brief ("Plaintiffs"), by and through their attorneys, bring this Second Amended Complaint against, IDELLE LABS, LTD.  ("Defendant"), and allege upon personal knowledge as to themselves and their own acts and experiences and upon information and belief as follows:

**<u>COMPLAINT</u>**

     1.     This is a civil action brought by Plaintiffs who purchased Sure Unscented Aerosol Antiperspirant Deodorant (the "Sure Antiperspirant") from Defendant for normal, household use.

#13813545.1

The Products are defective because they contain the chemical benzene, a known carcinogen that offers no significant therapeutic advance.

2.     The Sure brand was created by Procter & Gamble in or around 1972 as a personal care brand for men and women.  Defendant marketed and sold Sure antiperspirant throughout the United States, including the State of New Jersey. Defendant distributed and sold the Sure Antiperspirant through various authorized retailers in store and online.

3.     Defendant took advantage of the trust consumers have in Sure brands, built over several decades, representing that the Products are safe for their intended use when, in reality, the Products contain significant concentrations of benzene, a harmful carcinogen.

4.     Benzene is a carcinogen known to cause cancer in humans. Long-term exposure additionally causes harmful effects on the bone marrow, a decrease in red blood cells leading to anemia, and excessive bleeding that can affect the immune system, leading to an increased chance of infection.  According to FDA guidance, there is no safe level of exposure to benzene, and thus it "should not be employed in the manufacture of drug substances, excipients, and drug products because of [its] unacceptable toxicity." FDA, Q3C – 2017 Tables and List Guidance for Industry; https://www.fda.gov/media/71737/download.  FDA guidance provides that "if [benzene's] use is unavoidable in order to produce a drug product with a significant therapeutic advance, then [its] levels should be restricted" to 2 parts per million ("ppm"). Id.

5.     The use of benzene in the Products is demonstrably avoidable.  Feasible alternative formulations, designs, and materials were available to Defendant at the time they formulated, designed, and manufactured the Products. Critically, such alternative formulations and designs were and are used by other manufacturers to produce and sell non-defective spray deodorants and antiperspirants.

6.     The Products' benzene contamination was not disclosed to the consumer on the product label, the ingredients list, or otherwise.

7.     Plaintiffs seek damages and equitable remedies for themselves.

## PARTIES

### A.     Plaintiffs

8.     Plaintiff, Ira Brief is a resident and citizen of Clark, New Jersey who purchased and personally used the Sure Unscented Aerosol Antiperspirant Deodorant products from approximately 1985 through February 2022.  Plaintiff, Cathie Brief is the lawfully wife of Ira Brief and is also a resident and citizen of Clark, New Jersey.

### B.     Defendant

9.     Defendant, Idelle Labs, Limited ("Idelle Labs") is a privately held, wholly owned subsidiary of Helen of Troy Limited with headquarters in El Paso, Texas.

10.     Defendants John Does 1 through 75, are in the business of creating, designing, manufacturing, controlling, distributing, selling, supplying, maintaining and/or modifying the Sure Unscented Aerosol Antiperspirant Deodorant.  Plaintiffs reserve the right to further amend this Second Complaint and name said unknown individuals or entities as additional defendants pursuant to the Rules of the Court.

## JURISDICTION AND VENUE

11.     This Court has jurisdiction over this matter because there is diversity jurisdiction since Plaintiffs and Defendant are citizens of different states and the aggregate amount in controversy exceeds $75,000, exclusive of interests and costs.  This Court has specific personal jurisdiction over Defendant because they have substantial aggregate contacts with this District, including advertising, marketing, and distributing with intent that its Sure products are sold and purchased throughout the State of New Jersey, engaging in conduct in this District that has a direct,

#13813545.1

substantial, reasonably foreseeable, and intended effect of causing injury to persons in New Jersey and because Defendant purposely availed themselves of doing business in the State of New Jersey.

12.     In accordance with 28 U.S.C. § 1332, venue is proper in this District because a substantial part of the conduct giving rise to Plaintiffs' claims occurred in this District, Defendant transacts business in this District, and Defendant has intentionally availed themselves of the laws and markets within this District.

## FACTUAL ALLEGATIONS

### C.     The Sure Brand

13.     The Sure brand was created by Procter & Gamble in or around 1972 as a personal care brand for men and women. Helen of Troy Limited acquired Sure in 2010. Since its 2010 acquisition, Sure has been marketed and sold as an antiperspirant deodorant.

14.     Sure antiperspirant deodorant is distributed by Defendant, Idelle Labs Ltd., a division of Helen of Troy Limited.

15.     Defendant's Sure product line, including the Sure Unscented Aerosol Antiperspirant deodorant, is manufactured, distributed, and sold throughout the United States, including the State of New Jersey.

### D.     The Products

16.     Deodorant is a product applied to the body to prevent or mask the odor of perspiration. Antiperspirants, a subclass of deodorants, prevent sweat glands from producing sweat. The Products are both deodorant and antiperspirant applied to the body as a spray.

17.     The U.S. Food and Drug Administration ("FDA") classifies and regulates most deodorants, including the Product, as cosmetics. In addition, the FDA classifies and regulates antiperspirants, including the Product, as a drug.

#13813545.1

18.     On November 3, 2021, Valisure, an analytical pharmacy and consumer protection organization, petitioned the FDA to address the dangerous levels of benzene in the Products and other deodorants and antiperspirants based upon rigorous testing the organization had conducted for a number of spray deodorant and antiperspirant products.[1]   The next day, Valisure released the results of these tests.[2]

19.     In testing, Valisure found average concentrations of benzene above the FDA concentration limit of 2 ppm in spray deodorants.  Specifically, Valisure tested three of defendant's Sure Unscented Aerosol Anti-Perspirant Deodorant products:   1) UPC 00883484002278, Lot number 21175; 2) UPC 00883484002278, Lot number 21172; and 3) UPC 00883484002278, Lot number 21099; and found all three of these Sure products exceeded the FDA concentration limit for benzene.

20.     Valisure found that products containing butane were at higher risk of having elevated benzene levels and warned that "propellants' like butane, isobutene, propane, and alcohol are commonly used and could potentially be sources of benzene contamination."[3]   Valisure evaluated the listed inactive ingredients in the 108 body spray products analyzed in the petition and found the prevalence of contamination in five major propellants:[4]

---

[1] https://www.valisure.com/valisure-newsroom/valisure-detects-benzene-in-body-spray-products.

[2] https://assets-global.website-files.com/6215052733f8bb8fea016220/626af96f521a0584e70e50eb_Valisure%20FDA%20Citizen%20Petition%20on%20Body%20Spray%20v4.0%5B260%5D.pdf

[3] https://www.valisure.com/valisure-newsroom/valisure-detects-benzene-in-body-spray-products

[4] https://www.valisure.com/valisure-newsroom/valisure-detects-benzene-in-body-spray-products

#13813545.1

| Propellant | # of Products | % Products with Benzene |
|---|---|---|
| Hydrofluorocarbon 152a | 95 | 54% |
| Butane | 77 | 69% |
| Isobutane | 74 | 58% |
| Propane | 60 | 52% |
| Alcohol | 47 | 36% |

21.     Sure Unscented Aerosol Anti-Perspirant Deodorant products' Inactive Ingredients are:  *Butane*, Hydrofluorocarbon 152A, Cyclopentasiloxane, Isopropyl Myristate, Dimethicone, Disteardimonium Hectorite, Propylene Carbonate, Ethylene Brassylate.

22.     At some undisclosed point in time, an internal review of Sure Aerosol Spray products was initiated for the presence of benzene.  Based on that review, on February 16, 2022, a Company Announcement Recall was released[5], stating:

> **Company Announcement**
>
> **FOR IMMEDIATE RELEASE** – February 16, 2022 – Westport, Connecticut, TCP HOT Acquisition LLC dba HRB Brands is voluntarily *recalling all lot numbers with expiration dates on or before August 2023 of the Sure and Brut Aerosol Sprays listed in the table below to the consumer level due to the presence of benzene*. While benzene is not an ingredient in any of the recalled products, our review showed that unexpected levels of benzene came from the propellant that sprays the product out of the can. These products were owned and distributed by Helen of Troy Limited prior to June 7, 2021.

| Brand | Product Description | UPC | Expiration Date |
|---|---|---|---|
| Brut | Classic Antiperspirant Aerosol, 4oz | 00827755070085 | |
| Brut | Classic Antiperspirant Aerosol, 6oz | 00827755070108 | |
| Brut | Classic Deodorant Aerosol, 154g | 00827755070177 | |
| Brut | Classic Deodorant Aerosol, 10oz | 00827755070047 | **On or Before August 2023** |
| Sure | Regular Antiperspirant Aerosol, 6oz | 00883484002025 | |
| **Sure** | **Unscented Antiperspirant Aerosol, 6oz** | **00883484002278** | |

---

[5] https://www.fda.gov/safety/recalls-market-withdrawals-safety-alerts/tcp-hot-acquisition-llc-dba-hrb-brands-issues-voluntary-nationwide-recall-sure-and-brut-aerosol

#13813545.1

23.     In its recall announcement, however, it was not disclosed how many products it tested nor what levels of benzene were detected in those products.  Valisure's November 3, 2021 report only identified three products: 1) Sure Unscented Antiperspirant Aerosol with UPC 883484002278, 2) Brut Classic Antiperspirant Aerosol with UPC 827755070108 and 3) Brut Classic Antiperspirant Aerosol with UPC 00827755070085.  The Company's recall announcement identified an additional three products that were also being recalled.

24.     In the recall notice, it is admitted that **all lot numbers** with expiration dates on or before August 2023 of the Sure Aerosol sprays listed in the table above were being recalled due to the presence of benzene.  Additionally, in the recall notice, it is admitted that there is an inherent risk of benzene exposure: "Benzene is classified as a human carcinogen. Exposure to benzene can occur by inhalation, orally, and through the skin and it can result in cancers including leukemia and blood cancer of the bone marrow and blood disorders which can be life-threatening."

25.     Simultaneously in the February 16, 2022 recall announcement, it advised of a Brut and Sure Voluntary Recall for Select Products website www.brutsurerecall2022.com.   This website is no longer active. Despite the link not being active anymore, Plaintiffs were able to capture and print screen shots of the website link when it was active.  There is no indication that this www.brutsurerecall2022.com website was created for purposes of a class action settlement and should not be confused with another website www.sureandbrutsettlement.com.

26.     On this www.brutsurerecall2022.com website under: What You Need to Know, it is admitted that five (5) products were being recalled due to the presence of benzene in the products.  Of the 5 products listed, Sure Unscented Antiperspirant Aerosol (6.0 oz) (UPC 00883484002278) was among them as being recalled due to the presence of benzene in the product. See Exhibit A.

#13813545.1

27.     On this same website www.brutsurerecall2022.com, there is no mention of identifying the specific lot number for Sure recalled products.  Rather, under "How do I know if my product is subject to the voluntary recall?," (See Exhibit A) it states: "The following products are subject to the recall showing an **Expiration date of August 2023 or earlier**:

Sure Regular Antiperspirant Aerosol (6oz) (UPC 00883484002025); and

**Sure Unscented Antiperspirant Aerosol (6oz) (UPC 00883484002278)**

28.     Plaintiff Ira Brief specifically used the recalled product, Sure Unscented Antiperspirant Aerosol (UPC 00883484002278), that had an expiration date of September 2022.  Plaintiff transferred possession of these Sure products with this specific information to Plaintiffs' counsel.

29.     The  Brut  and  Sure  Voluntary  Recall  for  Select  Products'  notice www.brutsurerecall2022.com specifically stated that only the Brut Classic Deodorant Aerosol (10 oz) (UPC 00827755070047) is subject to the recall if the Lot Number is less than 21305.  See Exhibit A.  This is illustrative that the Lot number was only required for the Brut deodorant product.  There is no mention in the Brut and Sure Voluntary Recall for selected products' notice www.brutsurerecall2022.com that specifically requires the identification of the Sure Deodorant Lot numbers – the only requirements are that the UPC numbers match and have an expiration date of August 2023 or earlier – which Plaintiff has demonstrated with UPC 00883484002278 and expiration date of September 2022.

30.     Defendant utilized lot numbers with their Sure Unscented Antiperspirant Aerosol products.  A lot number is a unique code that a manufacturer assigns to a batch of products they have produced in the same run using the same ingredients, parts and materials.  In conjunction with the lot number, Defendant would also have utilized a lot tracking system to track, trace and access information about the products throughout their supply chain from end to end.  Defendant

-8-

would therefore be able to specifically identify and track which lot numbers of the Sure Unscented Antiperspirant Aerosol contained benzene and which did not contain benzene.  Interestingly, Defendant did not identify specific lot numbers for the Sure Unscented Antiperspirant Aerosol in the Company recall notice [https://www.fda.gov/safety/recalls-market-withdrawals-safety-alerts/tcp-hot-acquisition-llc-dba-hrb-brands-issues-voluntary-nationwide-recall-sure-and-brut-aerosol](https://www.fda.gov/safety/recalls-market-withdrawals-safety-alerts/tcp-hot-acquisition-llc-dba-hrb-brands-issues-voluntary-nationwide-recall-sure-and-brut-aerosol), nor did they identify the lot numbers either in the Sure recall website [www.brutsurerecall2022.com](www.brutsurerecall2022.com) (See Exhibit A).

31.     Instead, they chose to recall **ALL** the lot numbers of the Sure Unscented Antiperspirant Aerosol UPC 00883484002278 with an expiration date of August 2023 or earlier. Defendant could have identified which specific lot numbers for the Sure Unscented Antiperspirant Aerosol products were subject to the recall, just like they did with the Brut Classic Deodorant Aerosol UPC 00827755070047 – which they identified was subject to the recall if the Lot Number was less than 21305 (See Exhibit A).  Given this omission, there is a plausible inference that every lot number of the Sure Unscented Antiperspirant Aerosol UPC 00883484002278 contained the benzene defect as long as the expiration date was August 2023 or earlier.  What is known at this time is that based on testing, four lot numbers (21175, 21172, 21099 and 20280) from the Sure Unscented Antiperspirant Aerosol UPC 00883484002278 have the benzene defect in the product. What is unknown is the identification of all the other lot numbers over the years which the Defendant would have that information due to their lot tracking system.

32.     Defendant knew or should have known of the Products' benzene contamination well before the February 16, 2022 recall.  Defendant was required to subject the Products to rigorous quality assurance by Defendant's internal guidelines and applicable laws and regulations. See 21 CFR 211.84  (a) Each lot of components, drug product containers, and closures shall be

withheld from use until the lot has been sampled, tested, or examined, as appropriate, and released for use by the quality control unit. (b.) Representative samples of each shipment of each lot shall be collected for testing or examination. Despite Defendant's knowledge of the pervasive risk of benzene contamination in the Products, Defendant failed to warn consumers of this known danger until February 16, 2022.

33. Independent laboratory testing of four (4) canisters of Sure Unscented Antiperspirant Aerosol, all with the same UPC 883484002278, same Lot 20280, and same expiration date of September 2022, was performed by Eurofins MTS Consumer Product Testing US, Inc. between May 24, 2023 through May 29, 2023, via gas chromatography and mass spectrometry (GC-MS). The results of Eurofins' testing revealed the presence of high concentrations of benzene in each of the Sure Unscented Antiperspirant Aerosol's four canisters tested. Eurofins' Certificates of Analysis respectively showed benzene levels of 9.38928 ppm, 10.12158 ppm, 8.30369 ppm and 11.25532 ppm. See Exhibit B – Eurofins MTS Consumer Product Testing US, Inc. Test Report No. 202305113 and attachments. The benzene levels found in each of the four Sure products tested significantly exceeded the 2.0 ppm conditional FDA restriction.

34. Specifically, Eurofins' Certificate of Analysis testing of Project No. 33002605 resulted in a benzene level of 9.38928 ppm. See Exhibit B. This is four and half times over the 2.0 ppm conditional FDA restriction (369% higher).

35. Specifically, Eurofins' Certificate of Analysis testing of Project No. 33002622 resulted in a benzene level of 10.12158 ppm. See Exhibit B. This is five times over the 2.0 ppm conditional FDA restriction (406% higher).

36.     Specifically, Eurofins' Certificate of Analysis testing of Project No. 33002623 resulted in a benzene level of 8.30369 ppm.  See Exhibit B.  This is four times over the 2.0 ppm conditional FDA restriction (315% higher).

37.     Specifically, Eurofins' Certificate of Analysis testing of Project No. 33002624 resulted in a benzene level of 11.25532 ppm.  See Exhibit B.  This is five and half times over the 2.0 ppm conditional FDA restriction (463% higher).

38.     These representative testing results illustrate that the Sure Unscented Antiperspirant Aerosol UPC 883484002278, Lot 20280, expiration date September 2022 that Plaintiff Ira Brief specifically purchased and used, contained the defect of benzene, exposed him to high levels of benzene and caused his development of Acute Myeloid Leukemia.

39.     Valisure's report specifically tested three (3) Sure Unscented Antiperspirant Aerosol UPC 883484002278: Lot 21175, Lot 21172 and Lot 21099 and found the presence of benzene in all three of the products.

40.     Eurofins' testing and Valisure's testing, in conjunction with the Recall Notice that all lot numbers with expiration dates on or before August 2023, has thus established a plausible inference that every Sure Unscented Antiperspirant Aerosol UPC 883484002278, including those specifically purchased and used by Plaintiff up through 2022 contained the benzene defect.

### E.     Danger Posed by the Product

41.     The carcinogenic properties of benzene are well documented, as noted by the Centers for Disease Control and Prevention ("CDC").  See *CDC, Facts About Benzene (2018)*, https://emergency.cdc.gov/agent/benzene/basics/facts.asp

42.     The U.S. Department of Health and Human Services (DHHS) has determined that benzene causes cancer in humans.  Exposure to benzene can cause leukemia (i.e. Acute myeloid leukemia), cancer of the blood-forming organs.

-11-

43.     Benzene has been classified as carcinogenic to humans, (IARC group 1) since 1979, on the basis of sufficient evidence that it causes leukemia.  This evaluation was reaffirmed specifically for acute myeloid leukemia (AML) and acute non-lymphocytic leukemia in 2009.  In adult humans, benzene causes acute non-lymphocytic leukemia, including AML.[6]

44.     Benzene is a cause of acute myeloid leukemia (AML) and myelodysplastic syndrome and a probable cause of other hematological malignancies, such as non-Hodgkin lymphoma.[7]

45.     Long-term exposure to benzene additionally causes harmful effects on the bone marrow and can cause a decrease in red blood cells, leading to anemia.  It can also cause excessive bleeding and can affect the immune system, increasing the chance for infection.

46.     Due to these significant health risks, the World Health Organization and the International Agency for Research on Cancer classify benzene as a Group 1 compound that is "carcinogenic to humans."[8]

47.     The Food and Drug Administration ("FDA") similarly recognizes that "benzene is a carcinogen that can cause cancer in humans.[9]  That "In small amounts over long periods of time, benzene can decrease the formation of blood cells.  Long term exposure to benzene through inhalation, oral intake, and skin absorption may result in cancers such as leukemia and other blood disorders."[10]

---

[6] https://www.thelancet.com/journals/lanonc/article/PIIS1470-2045(17)30832-X/fulltext

[7] https://www.ncbi.nlm.nih.gov/pmc/articles/PMC3271273/

[8] https://cdn.who.int/media/docs/default-source/wash-documents/water-safety-and-quality/chemical-fact-sheets-2022/benzene-fact-sheet-2022.pdf?sfvrsn=cf3ba277_1&download=true

[9] https://www.fda.gov/food/environmental-contaminants-food/questions-and-answers-occurrence-benzene-soft-drinks-and-other-beverages

[10] https://www.fda.gov/drugs/drug-safety-and-availability/frequently-asked-questions-benzene-contamination-drugs

48.     The FDA classifies Benzene as a Class 1 solvent that should be avoided.[11] According to FDA guidance: Solvents in Class 1 should not be employed in the manufacture of drug substances, excipients, and drug products, because of their unacceptable toxicity or their deleterious environmental effect.[12]

49.     FDA's Guidance for Industry Q3C provides that:   "Solvents in Class 1 (i.e. benzene) should not be employed in the manufacture of drug substances, excipients, and drug products because of their unacceptable toxicity or their deleterious environmental effect."[13]   That provision provides in full:

> III. SOLVENTS GROUPED BY CLASS Solvents in Class 1 (i.e. benzene) should not be employed in the manufacture of drug substances, excipients, and drug products because of their unacceptable toxicity or their deleterious environmental effect. However, if their use is unavoidable in order to produce a drug product with a significant therapeutic advance, then their levels should be restricted… [to 2ppm], unless otherwise justified.

50.     Thus, although benzene should not be employed in the manufacture of drug products, it may be used in *some* drug products when (1) its use is "unavoidable" to produce a drug product with (2) "significant therapeutic advance."   Defendant's products do not meet this exception.   This is because the use of benzene in the manufacture of the products is not "unavoidable", nor does the use of benzene in the product provide a "significant therapeutic advance."

51.     That the use of benzene is entirely avoidable is illustrated by Valisure's testing, which showed a variation of benzene contamination in the batches of body spray products (*i.e.* antiperspirant and deodorants) tested.   Valisure's testing showed some products did not detect benzene and other products with benzene were under 2.0 ppm.

---

[11] https://www.fda.gov/media/71737/download
[12] *Id.*
[13] *Id.*

#13813545.1

52.     First, the use of benzene in making the Products is not "unavoidable" because some of the other manufacturers' body spray products tested by Valisure did not contain detectable levels of benzene while some did.   Given that benzene was detected by Valisure in some manufacturers' products but not others is evidence that benzene is not required.   Second, the Products do not represent a "significant therapeutic advance."   Considering the long history and widespread use of antiperspirant and deodorant products, it does not appear that the FDA has considered antiperspirant and deodorant products as representing a "significant therapeutic advance."

53.     Defendant exploited decades of existing consumer trust in the Sure brands to sell the Products contaminated with a benzene concentration level well above the 2 ppm FDA concentration limit, thus subjecting unwitting consumers to dangerous levels of a known carcinogen.

### F.      Defendant's Representations

54.     Defendant represents to consumers that Sure Antiperspirant Deodorant is safe and effective for everyday use.   Although Sure Unscented Antiperspirant UPC 883484002278 was found to contain benzene concentration well above the FDA limit, Defendant does not list benzene among the active or inactive ingredients and nothing on the Sure Antiperspirant product label otherwise insinuates, states, or warns that it contains benzene.   In the February 16, 2022 recall notice, it is admitted that this Sure Antiperspirant UPC 883484002278 (all lot numbers with expiration dates on or before August 2023) contained the presence of benzene.   Specifically, it is admitted that, "While benzene is not an ingredient in any of the recalled products, our review showed that unexpected levels of benzene came from the propellant that sprays the product out of the can."

-14-

### G.     Defendant's Products are Adulterated, Misbranded and Illegal to Sell

55.     Defendant's antiperspirant deodorant Products are drugs which are adulterated under 21 U.S.C. § 351(a)(1) based upon the presence of benzene.

56.     Defendant's antiperspirant deodorant Products are drugs which are misbranded under 21 U.S.C. § 352 (a) based upon the presence of benzene.

57.     The Federal Food, Drug, and Cosmetic Act ("FDCA") prohibits "[t]he introduction or delivery for introduction into interstate commerce of any food, drug, or cosmetic that is adulterated or misbranded." 21 U.S.C. § 331(a), 21 U.S.C. § 352(a).

58.     As alleged herein, Defendant has violated the FDCA and consumer protection statutes.

59.     Defendant engaged in fraudulent, unfair, deceptive, false, misleading, and/or unlawful conduct stemming from their omissions surrounding benzene contamination affecting the Products.  No reasonable consumer, including Plaintiffs, would have purchased the Products had they known of the material omissions of material facts regarding the presence of benzene. Accordingly, Plaintiffs suffered injury in fact and lost money as a result of Defendant's misleading representations and omissions and did not receive the benefit-of-the-bargain.

## PLAINTIFFS' FACTUAL ALLEGATIONS

60.     Plaintiff Ira Brief purchased and used the Sure Unscented Aerosol Antiperspirant deodorant products from approximately 1985 through February 2022.  During these approximately 37 years, Plaintiff used the Sure Unscented Aerosol Antiperspirant deodorant products, which included but is not limited to the Sure Unscented Aerosol Anti-Perspirant Deodorant, UPC 00883484002278, Lot number 20280, with expiration date of September 2022.

61.     Plaintiff Ira Brief sprayed the Sure product in the morning in his enclosed bedroom of his home and would leave the product on his skin to be absorbed for over 24 hours a day.  This is consistent with SURE's Tips on how to get the most from SURE:  "People sweat less at night, when they are resting, and it won't get washed away before it's absorbed in your glands.  Leave SURE on your skin for at least eight hours for maximum absorption."[14]   Plaintiff sprayed the Sure product, breathing in as he applied it and let it absorb into his skin for more than the stated eight hours.  The Sure product was absorbed into Plaintiff's skin 3X more than the stated eight hours.

62.     Plaintiff Ira Brief would repeat the spray application process the following morning and would leave the product on his skin to be absorbed for another 24 hours a day.  Plaintiff repeated this process continuously until the Sure can was empty, which on average would last up to 30 days.  Each day of use, the Sure spray would be inhaled by Plaintiff as he sprayed it in his enclosed bedroom and it would also be absorbed into Plaintiff's skin for over 24 hours.  For each of the 30 days, the Sure spray would be airborne when applied in the enclosed bedroom and would remain on his body to be absorbed through his skin for 24 hours a day.  Plaintiff did this over his 37 years of usage, beginning in approximately 1985 and up through and including February 2022.

63.     The last time Plaintiff Brief purchased the Sure Unscented Antiperspirant Aerosol deodorant was in or around March 2021. Plaintiff Brief purchased some of the Sure Unscented Antiperspirant deodorant through the Amazon.com website and transferred possession of the said recalled products, bearing UPC 00883484002278, Lot number 20280 and an expiration date of September 2022 to his attorneys.  Over the many years, Plaintiff also had made purchases of the Sure Unscented Antiperspirant Aerosol deodorant at stores which included Target and A&P.  The February 16, 2022 Sure recall notice specifically recalled all lot numbers of the Sure Unscented

---

[14] https://www.suredeodorant.com/tips-and-tricks/

Antiperspirant Aerosol UPC 00883484002278 with expiration dates on or before August 2023 due to the presence of benzene.  There was no requirement that only certain lot numbers of the Sure Unscented Antiperspirant Aerosol UPC 0883484002278 were being recalled.

64.     Plaintiff Brief specifically used the Sure Unscented Antiperspirant Deodorant Aerosol bearing UPC 00883484002278, Lot number 20280, with an expiration date of September 2022, and stopped using it after the FDA had posted the February 16, 2022 recall notice: TCP Hot Acquisition LLC dba HRB Brands Issues Voluntary Nationwide Recall of Sure and Brut Aerosol Sprays Due to the Presence of benzene.

65.     Upon information and belief, Defendant Idelle Labs, Ltd., and/or John Does 1 through 75, received proceeds from the payment for the sale of Sure Unscented Antiperspirant Deodorant Aerosol Spray.

66.     Defendant Idelle Labs, Ltd., and/or John Does 1 through 75, knew or should have known that the Sure Unscented Antiperspirant deodorant, was not safe for its intended use and could cause users of the product, such as Plaintiff Brief, to sustain injury.

67.     Nowhere on the packaging did Defendant disclose that the Sure Unscented Antiperspirant deodorant contains benzene at the time of purchase.

68.     At no time was Plaintiff, Ira Brief, warned by Defendant of any of the hazards related to benzene exposure or the risk of developing leukemia posed by using the Sure Unscented Antiperspirant deodorant in the normal, foreseeable and ordinary daily use.

69.     If Plaintiff Brief had been aware of the presence of benzene and the risk of developing leukemia from the Sure Unscented Antiperspirant Aerosol deodorant, he would not have purchased it.  He would instead have used other safer alternatives in existence and available on the market.

#13813545.1

70.     As a direct and proximate result of Plaintiff, Ira Brief's usage of the Sure Unscented Antiperspirant deodorant and exposure to benzene, Plaintiff, Ira Brief developed adverse blood effects and abnormalities and was ultimately diagnosed with Acute Myeloid Leukemia ("AML") in February 16, 2022.

71.     Plaintiff, Ira Brief's exposure to benzene from his use of the Sure Unscented Antiperspirant deodorant, manufactured, produced, sold and/or supplied by Defendant, was a proximate cause of his Acute Myeloid Leukemia ("AML").  Plaintiff, Ira Brief suffered, and continues to suffer, physically, mentally and emotionally as a result of his disease.  Plaintiffs incurred and continue to incur medical expenses in relation to his Acute Myeloid Leukemia ("AML").

## COUNT I

### Design Defect under New Jersey Products Liability Act (N.J.S.A. 2A:58C-1, et seq.)

72.     Plaintiffs hereby incorporate by reference each and every allegation contained in the preceding paragraphs as though fully set forth herein.

73.     Defendant is liable to Plaintiffs under the New Jersey Products Liability Act, N.J.S.A. 2A58C-1 et seq. for design defect.

74.     Defendant, developed, designed, manufactured, controlled, sold, supplied, and/or were in the business of selling Sure Unscented Antiperspirant Deodorant products UPC 00883484002278 to which Plaintiff Ira Brief was exposed.  These products were defectively designed and unreasonably dangerous at the time they were sold, in that they contained dangerous levels of benzene.  The benzene contamination defect existed while under the possession and control of Defendant.

-18-

75.     Defendant Idelle Labs, Ltd., developed, designed, manufactured, controlled, distributed, sold, and/or supplied the Sure Unscented Antiperspirant Aerosol deodorant UPC 00883484002278 to which Plaintiff used and was exposed up to February 2022.

76.     The Sure Unscented Antiperspirant Aerosol deodorant products were expected to, and did in fact reach users, such as Plaintiff Ira Brief, without substantial change in the condition in which it was created, designed, manufactured, distributed, sold and/or supplied.

77.     At all relevant times, the Sure Unscented Antiperspirant Aerosol deodorant products were used for the purpose for which it was designed and manufactured – to prevent or mask body odor and/or reduce sweating.  It was used in a foreseeable manner by an ordinary consumer user who possesses ordinary common knowledge for whom the product was intended. There was no misuse involved.

78.     The Sure Unscented Antiperspirant Aerosol deodorant products UPC 883484002278, were defectively designed in that (1) its risks outweighed its utility, and (2) safer, feasible alternative designs are and were at all times available.  These safer alternative designs include not utilizing the propellant that sprays the product out of the can that exposed the Plaintiff to benzene.  In the Company's February 16, 2022 recall notice, it admitted that the propellant used in their products was defective, "our review showed that unexpected levels of benzene came from the propellant that sprays the product out of the can."  Defendant could have used alternative designs instead of the propellant.  One such alternative design available that defendant could have utilized was a bag-on-valve technology that separates the product inside the can.

79.     The risk of the benzene contaminated Sure Unscented Antiperspirant Aerosol products outweighed its benefits.  Specifically, the benefit of the Sure product is to prevent or mask body odor and/or reduce sweating.  This benefit is significantly outweighed by the risks

posed by the Sure antiperspirant deodorant products – the risks of developing cancer (AML) and possibly death.  Plaintiff would have chosen to be smelly and sweaty over the development of cancer and potential death.

80.     Plaintiff Ira Brief had many other alternatives available to him, including other aerosol deodorants and antiperspirants that did not have benzene contamination.  These other aerosol deodorants and antiperspirants that did not contain benzene met the same needs of preventing, masking body odor and/or reduce sweating and were not unsafe to use.  No reasonable consumer would select from other alternatives available, the one that exposes him to benzene and causes cancer.

81.     The Sure Unscented Aerosol antiperspirant deodorant products were defective, unreasonably dangerous and unsafe for its intended purpose because when exposed to benzene by inhalation, orally, and through the skin, it can result in cancers including leukemia and blood cancer of the bone marrow and blood disorders which can be life threatening.

82.     Defendant additionally had the ability to eliminate the unsafe character of the Sure product without impairing its usefulness.  By choosing not to use the propellant involved and using an alternative design like a bag-on-valve technology, Defendant could have eliminated the benzene contamination without impairing the antiperspirant deodorant's usefulness.

83.     The Sure Unscented Antiperspirant Aerosol deodorant products' design defects existed at the time it left Defendant's possession and control.

84.     Plaintiff used the Sure Unscented Antiperspirant Aerosol deodorant's product UPC 00883484002278 in an intended and reasonably foreseeable manner without knowledge of Sure's dangerous characteristics.  There was no misuse involved, Plaintiff applied to his underarm and sprayed as it was instructed.

#13813545.1

85.     Plaintiffs could not have reasonably discovered the defect and risks associated with the Sure Unscented Aerosol Antiperspirant deodorants before or at the time of use.  The product's defect of containing benzene was not self-evident or obvious for an ordinary average user like Plaintiff Ira Brief – by simply looking at the product there was no way for Plaintiff to know it was contaminated with benzene as there is no mention of benzene listed in the ingredient list on the product's label, nor were there are any warnings of benzene contained in the Warnings section on the product's label.

86.     The benzene defect in the Sure Unscented Antiperspirant Aerosol deodorant product UPC 00883484002278 that Plaintiff used over the approximately 37 years was a substantial and contributing factor in proximately causing Plaintiff's cancer, injuries, losses and damages.

87.     Had Plaintiff known of the benzene defect in the Sure Unscented Antiperspirant Aerosol deodorant product UPC 00883484002278, Plaintiff would not have used them.  Instead, Plaintiff would have used available safer alternative aerosol antiperspirant deodorants that would not have exposed him to benzene and his development of cancer.

88.     Plaintiffs' injuries, harms, losses and damages were directly and proximately caused by the Sure Unscented Antiperspirant Aerosol deodorant products' (UPC 00883484002278) benzene contamination defect that Plaintiff used in a reasonably foreseeable manner for which recovery is sought.

## COUNT II

## Failure to Warn under New Jersey Products Liability Act (N.J.S.A. 2A:58C-1, et seq.)

89.     Plaintiffs incorporate by reference each proceeding and succeeding paragraph as though set forth fully at length herein.

#13813545.1

90.     Defendant tested, developed, designed, labeled, manufactured, marketed, sold, distributed, advertised and promoted the Sure Unscented Antiperspirant Aerosol Deodorant product's UPC 00883484002278.

91.     At all times relevant, Defendant had a duty to properly test, develop, design, manufacture, inspect, package, label, market, promote, sell, distribute, maintain, supply, provide proper warnings and take steps as necessary to ensure Sure Unscented Antiperspirant Aerosol Deodorant products did not cause users and consumers to suffer from unreasonable and dangerous risks like benzene exposure.

92.     At all times relevant, Defendant had a continuing duty to warn Plaintiff of the dangers associated with the Sure Unscented Antiperspirant Aerosol deodorant product's use.  This duty to warn Plaintiff is a result of Defendant's direct to consumer advertising.

93.     At all times relevant, Defendant could have provided adequate warnings or instructions regarding the risks of benzene because Defendant knew or should have known of the unreasonable risks of harm associated with the use of the Sure Unscented Antiperspirant Aerosol deodorant products.

94.     At all times relevant, Defendant failed to investigate, study, test or advise of the benzene dangers to users and consumers of Sure Unscented Antiperspirant Aerosol deodorant, including Plaintiff.

95.     Despite the fact that Defendant knew or should have known that the benzene in the Sure Unscented Antiperspirant Aerosol deodorant product posed a grave risk of harm, they failed to exercise reasonable care to warn of the dangerous risks associated with its use – causing cancers including leukemia and blood cancer of the bone marrow and blood disorders which can be life-threatening, as admitted in the Company's February 16, 2022 recall notice.

96.     Valisure issued their Citizen Petition on Benzene in Body Sprays on November 3, 2021.  In that Valisure report, the following information was provided:  "benzene has long been directly associated with cancer in humans by epidemiological studies with persistent exposure as low as 0.8 ppm;" "The hematotoxicity of benzene has been described as early as 1897."  "A study from 1939 on benzene stated 'exposure over a long period of time to any concentration of benzene greater than zero is not safe;"   "There is probably no safe level of exposure to benzene, and all exposures constitute some risk in a linear, if not supralinear, and additive fashion;" and "According to the American Cancer Society: IARC classifies benzene as 'carcinogenic to humans' based on sufficient evidence that benzene causes acute myeloid leukemia."  Defendant, with this acquired information, knew or should have known of the evidence linking use of its Sure Unscented Antiperspirant Aerosol deodorant products with benzene and acute myeloid leukemia.  Despite this knowledge, Defendant failed to update the label on the Sure Unscented Antiperspirant Aerosol deodorant products that it contained benzene.  Defendant also failed to update the Warning label on the product that it contained benzene and that benzene caused acute myeloid leukemia.  Rather, the first time any action was taken was three months later, on February 16, 2022, in the form of an Company announcement recalling the Sure antiperspirant deodorant products due to the presence of benzene in the products.

97.     Additionally, there is an inference that Defendant knew or should have known of the presence of benzene in the Sure and Brut antiperspirant and deodorant products six (6) years earlier, beginning in November 15, 2015.  Information contained in https://www.sureandbrutsettlement.com/ stated: "The lawsuit contends that certain Brut or Sure antiperspirant and deodorant Products were inappropriately marketed because it was not disclosed that the Covered Products contained benzene."  Interestingly, the relevant time period only applied

to those persons who purchased in the United States any of the Covered Products listed (which included Plaintiff's Sure Unscented Antiperspirant Aerosol (6.0 oz) (UPC 00883484002278) between November 15, 2015 and October 28, 2022.  Defendant did not disclose this information and/or warn even after acquiring knowledge of the presence of benzene in its products in November 15, 2015.

98.  The dangerous propensities of benzene in the Sure antiperspirant aerosol deodorant products were either known to Defendant or scientifically knowable to Defendant through appropriate research and testing by known methods at the time Defendant designed, distributed, supplied or sold the Sure antiperspirant aerosol deodorant products.

99.  Defendant knew or should have known that the benzene contaminated Sure antiperspirant aerosol deodorant products created significant risks of serious bodily harm to consumers, like Plaintiff, and Defendant failed to adequately warn the Plaintiff, the reasonably foreseeable user, of the risks of using benzene contaminated Sure antiperspirant aerosol deodorant. Defendant further knew or should have known in the post-approval and post-marketing phase that the warnings on the products were inadequate based on label warning requirements.

100.  Defendants knew or should have known, through post-marketing surveillance and otherwise, of the benzene defect in the antiperspirant aerosol deodorant product which caused Plaintiff's injury, when used as intended.  Defendant should have tested its finished antiperspirant aerosol deodorant product for the presence of benzene in its materials and withhold batches and or lots containing benzene.

101.  The Sure Unscented antiperspirant aerosol deodorant product with UPC 00883484002278 were defective and not reasonably fit, suitable, or safe for its intended purpose because Defendant designed the Sure antiperspirant aerosol deodorant products in a defective

manner by using a propellant to spray the product out of the can and failed to give adequate warnings or instructions of benzene contamination at the time the Sure antiperspirant aerosol deodorant products left Defendant's control and thereafter.

102.    Defendant failed to provide adequate warnings of the dangers regarding benzene in the Sure Unscented antiperspirant aerosol deodorant products and that exposure to benzene can occur by inhalation, orally and through the skin and can result in cancers including leukemia and blood cancer of the bone marrow and blood disorders that can be life-threatening.

103.    The only "Warnings" listed on the Product's canister at the time of distribution are:

**For external use only.**
**Flammable**
• do not spray near flame or while smoking
• contents under pressure
• do not crush, puncture or incinerate
• do not store at temperature above 120°F

**Do not use** on broken skin

**Ask a doctor before use if you have** kidney disease

**When using this product**
• keep away from face and mouth to avoid breathing it
• avoid spraying in eyes
• use only as directed; intentional misuse by deliberately concentrating and inhaling the contents can be harmful or fatal

**Stop use if** rash or irritation occurs

**Keep out of reach of children.** If swallowed, get medical help or contact a Poison Control Center right away.

104.    The failure to warn defects existed at the time the Sure Unscented Antiperspirant Aerosol deodorant products left the Defendant's control.

105.    Defendant distributed and sold the Sure Unscented Antiperspirant Aerosol deodorant products without sufficient warnings to notify Plaintiff of the inherent danger in using

the Sure Antiperspirant Aerosol deodorant products that contained benzene, after acquiring knowledge of the carcinogenic effects to humans.

106.   Defendant knew that individuals who saw the direct-to-consumer advertising could not appreciate the risks of benzene exposure.

107.   The Sure products advertised: "lasts all day," "SURE's trusted protection lasts all day," "keep[s] you confident throughout the day," "apply in the morning and forget about it." "Make it a daily habit to apply SURE to clean, dry skin." "We've got you covered." https://www.suredeodorant.com/aerosol/ and https://www.suredeodorant.com/tips-and-tricks/

108.   Plaintiff used Sure Unscented Antiperspirant Aerosol deodorant products for an approved purpose believing in the trusted protection that lasted all day and forgot about it after he applied it, but unbeknownst to him, he inhaled, was covered and exposed to benzene for up to 24 hours a day and developed acute myeloid leukemia as a result of his use.

109.   Defendant knew or should have known that the minimal warnings disseminated with the Sure Unscented Antiperspirant Aerosol deodorant products were inadequate, failed to communicate information on the dangers of benzene exposure in the products, and failed to communicate warnings that were appropriate and adequate to render the product safe for its ordinary, intended and reasonably foreseeable uses.

110.   Had Plaintiff been warned about benzene in the Sure Unscented Antiperspirant Aerosol deodorant products, Plaintiff would have used a safer alternative antiperspirant deodorant that would not have exposed Plaintiff to benzene and would not have contracted AML.

111.   Plaintiff's injuries, harms, losses, and damages were directly and proximately caused by the Sure Unscented Antiperspirant Aerosol deodorant products, including the lack, insufficiency or adequacy of warnings of benzene exposure for which recovery is sought.

#13813545.1

112.    Defendant had a duty to warn Plaintiff of the benzene in the Sure Unscented Antiperspirant Aerosol deodorant products during the time Plaintiff was using the Sure Unscented Antiperspirant Aerosol deodorant products, from approximately 1985 through 2022.  Defendant's breach of this duty proximately caused Plaintiff's injuries described herein.

### Count III

### Punitive Damages under Products Liability Act N.J.S.A. 2A:58C-1 et seq.

113.    Plaintiff incorporates by reference each preceding and succeeding paragraph as though set forth fully at length.

114.    Upon information and belief, Defendant knowingly withheld and/or misrepresented information regarding benzene contamination in their Sure antiperspirant aerosol deodorant products.

115.    Valisure issued their Citizen Petition on Benzene in Body Sprays report on November 3, 2021, wherein three Sure Unscented Aerosol Antiperspirant products all with UPC 00883484002278 were identified as containing benzene at 2.00 ppm or higher.

116.    A Nationwide Recall of Sure and Brut Aerosol Sprays due to the Presence of Benzene was issued on February 16, 2022 (a little over 3 months after the Valisure report) and identified not just the Sure Unscented Aerosol Antiperspirant product UPC 00883484002278 that Valisure tested in their report but also recalled another Sure product: Sure Regular Antiperspirant Aerosol UPC 00883484002025 due to the presence of benzene.  The Valisure report only tested Sure Unscented Antiperspirant Aerosol product UPC 00883484002278; no mention was made in the Valisure report of the other Sure Regular Antiperspirant Aerosol UPC 00883484002025. Significant questions remain as to when Defendant acquired, knew and withheld information of benzene contamination in these other similar Sure Aerosol Antiperspirant product UPC 00883484002025.

#13813545.1

117.    Upon information and belief, Defendant first acquired knowledge of benzene contamination in their Sure Unscented Aerosol Antiperspirant product UPC 00883484002278 and Sure Regular Antiperspirant Aerosol UPC 00883484002025 as early as November 15, 2015 and did not take any immediate preventative measures or remedial action after obtaining this knowledge.  It was not until February 16, 2022 that a recall notice was issued as it pertained to the Sure and Brut deodorant antiperspirant body sprays.  Defendant deliberately withheld this knowledge of the benzene contamination in its products and the harmful effects of benzene exposure since November 15, 2015.

118.    Based on the foregoing Plaintiffs bring this action for Punitive Damages pursuant to the Products Liability Act.

### **Prayer for Relief**

As a direct and proximate result of Defendant's acts or omissions, Plaintiff Ira Brief used Defendant's Sure Unscented Antiperspirant Aerosol deodorant products and suffered numerous severe and permanent injuries, including acute myeloid leukemia, and suffered damages from medical expenses, past and future.  Plaintiff, Cathie Brief, has and will continue to suffer the loss of the society, consortium, companionship, love, affection, support, and care of her husband.

**WHEREFORE**, Plaintiffs demand judgment against Defendant for all compensatory damages, including but not limited to past and future medical expenses, past and future economic damages, past and future loss of consortium, past and future pain and suffering, as well as punitive damages, costs of suit, and pre- and post-judgment interest as provided by law and such other relief as the Court may deem equitable and just.

#13813545.1

## JURY DEMAND

Pursuant to Federal Rule of Civil Procedure, Plaintiffs demand a trial by jury of all claims

in this Second Amended Complaint.

Dated: June 7, 2023

Respectfully submitted,

**WILENTZ GOLDMAN & SPITZER**
Attorneys for Plaintiffs

By:____/s/ Vincent Cheng_____
    Vincent Cheng, Esq.
    N.J. Bar No. 001372007
    Angelo J. Cifaldi, Esq.
    N.J. Bar No. 041091984

#13813545.1